IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| O'NEILL CONTRACTORS, INC., | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CIVIL NO. 24-6845** |
| | : | |
| INDEPENDENCE FIRE SPRINKLER CO., LLC, | : | |
| *Defendant.* | : | |
| | : | |

**Scott, J.**                                                                 **September 29, 2025**

### MEMORANDUM

Plaintiff O'Neill Contractors, Inc. alleges that Defendant Independence Fire Sprinkler Company, LLC performed shoddy work at the United States Custom House on a freight elevator modernization project.  Plaintiff brings four claims: (1) negligence, (2) breach of contract, (3) breach of express warranty, and (4) breach of implied warranty.  Defendant has moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint lacks sufficient factual matter to state a plausible claim for relief.  In the alternative, Defendant asks the Court to grant its motion for a more definite statement under Federal Rule of Civil Procedure 12(e).

For reasons given below, the Court grants in part and denies in part Defendant's motion to dismiss and denies Defendant's alternative motion for a more definite statement.

1

## I.    Background

In September 2022, Plaintiff and Defendant signed a contract according to which Defendant was to perform work on fire sprinklers, including installation of a sprinkler pipe at the United States Custom House, ECF No. 1, ¶¶ 6, 8, 11.  In January 2024, Defendant completed hat work.  *Id.* ¶ 11.  In February 2024, the United States Custom House suffered a lost pipe connection, causing "the release of a large amount of water onto the floor of a machine room and down the elevator shaft into the sub-basement." *Id.* ¶ 10.  According to Plaintiff, that damage is a result of Defendant's subpar work. *Id.* ¶ 12.

## II.    Legal Standard

This Court employs a three-step process to evaluate a 12(b)(6) motion to dismiss.  *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022).  First the Court articulates the elements of the claim. *Id.*  Second, the Court reviews the complaint while disregarding formulaic recitations of the elements of a claim and any threadbare, conclusory allegations. *Id.* at 327-28.  Third, the Court evaluates the plausibility of the remaining allegations while assuming the truth of the well-pleaded allegations, construing them in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor. *Id.* at 328.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

### III.    Discussion

#### A.  Plaintiff's Negligence Claim Is Dismissed With Prejudice.

The gist of the action doctrine prevents a party from bringing negligence claims for what are, in reality, contract claims and vice versa. *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, 870 F.3d 244, 256 (3d Cir. 2017). When determining whether the gist of the action doctrine bars any claims, the Court must look at "the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014). A claim sounds in contract when "the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract . . . ." *Id.* By contrast, a claim sounds in tort when "the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract." *Id.* Here, Defendant argues that the gist of the action doctrine bars Plaintiff's negligence claim. ECF No. 7 at 4–5. The Court agrees.

Here, the gist of Plaintiff's action sounds in contract, not in tort. Plaintiff cites to no facts to suggest that Defendant violated "a broader social duty owed to all individuals." *Bruno*, 106 A.3d at 68. The reason for this is simple: the origin of Defendant's obligations to Plaintiff comes from the promises Defendant made in the contract, not any social duty owed by Defendant to Plaintiff.

Plaintiff argues that its negligence claim should not be dismissed because Defendant *negligently* performed its obligations under the contract, and the contract was merely the "vehicle, or mechanism, which established the relationship between the parties, during which the tort of negligence was committed." *Id.* at 70; *see also* ECF No. 8 at 12–13. Plaintiff misinterprets *Bruno*'s holding. When, for instance, a lawyer or accountant or doctor agrees with a client to perform certain professional services but those performances fall below each profession's standards, the client or patient may bring a tort claim even though the relationship arose through contract. This makes sense because those professional standards formalize the social duties that such professionals owe to all individuals, making violations of such duties a proper tort claim and making the contract the mere vehicle through which the relationship between the parties arose. That is the proposition that *Bruno* champions, but it is not the proposition that Plaintiff asserts.

Plaintiff's point is that "the way Defendant performed the work it was obligated to perform by contract caused extensive damage . . . ." ECF No. 8 at 12. But the negligent performance of contractual obligations is just a convoluted way to assert that a party breached the contract. As the prior quotation from Plaintiff's brief concedes, Defendant's obligations originated through their contract. Because Defendant would not have had such obligations but for its promise to do so in the operative agreement, Plaintiff's claim sounds only in contract. Accordingly, Plaintiff's negligence claim is barred by the gist of the action doctrine. It is dismissed with prejudice.

### B.  *Plaintiff Has Stated A Plausible Claim Regarding Breach Of Implied Warranty.*

To state a claim for breach of an implied warranty, Plaintiff must allege facts to show "(1) the existence of the implied warranty; (2) breach of the implied warranty; (3) a causal connection between the defendant's breach and the plaintiff's injury or damage; and (4) the extent of loss proximately caused by the Defendant's breach." *Catawissa Twp. v. Midland Asphalt Materials,*

*Inc.*, 2024 WL 2159570, at \*7 (M.D. Pa. May 14, 2024). Defendant claims that Plaintiff has failed to state a claim for breach of the implied warranty because Plaintiff fails to specify which implied warranty Defendant supposedly breached. ECF No. 7-2 at 8.

Federal Rule of Civil Procedure 8 requires that Plaintiff's pleadings give Defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation omitted). Plaintiff has done just that. Plaintiff's fourth claim is for breach of an implied warranty, and it rests upon the allegations that "Defendant impliedly warranted to Plaintiff that they possesses the skill, experience, training, and expertise to perform the work in accordance with the care and skill customary in the construction industry . . . [and that] Defendant has breached these implied warranties with regard to their work and materials." ECF No. 1, ¶¶ 30, 32.

To the extent that Defendant requests the Court to order Plaintiff to identify which implied warranty that Defendant has allegedly breached, the Court declines to do so. Although by no means a paragon of clarity, the language in Plaintiff's fourth claim and in Plaintiff's opposition briefing seems to frame the issue as a breach of an implied warranty of workmanlike performance, *see, e.g., Del., Lackawaxen & Stourbridge R.R. Co. v. Star Trak, Inc.*, 2018 WL 5296292, at \*2– \*3 (M.D. Pa. Oct. 25, 2018) (collecting cases regarding the implied warranty of workmanlike performance), which is enough at this stage to secure the legal basis for Plaintiff's claim. If Plaintiff chooses to amend the rest of its Complaint, the Court invites Plaintiff to consider more precision when re-drafting and re-titling this claim. But that invitation is not a command. As is, this count sufficiently states a claim for relief. To the extent that Defendant wishes for more detail concerning the factual basis for the claim, discovery is the appropriate avenue to have that wish granted. To the extent that Defendant wishes to dispute the legal basis for the claim, the Defendant

may do so on a renewed motion to dismiss if Plaintiff chooses to amend its Complaint or on a motion for summary judgment.

### C. Plaintiff's Remaining Claims Are Dismissed Without Prejudice.

Plaintiff's two remaining claims—the breach of contract claim and the breach of express warranty claim—lack enough factual information to allow the Court to make a "reasonable inference that Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Complaint's six-paragraph fact section (which totals less than one page) states that Defendant performed work that Plaintiff thinks was not in line with the contractually-agreed upon performance standards. These assertions alone do not push Plaintiff's allegations from possible to plausible.

As one example—and perhaps the most damning one for Plaintiff—consider that not once in the Complaint does Plaintiff identify the contractual provisions that Defendant supposedly breached. It is clear from the Court's review of the motion papers and accompanying exhibits that both Parties possess the operative contract and that Plaintiff—in its opposition briefing—is aware of the relevant provisions at issue. *Compare* ECF No. 1, ¶¶ 7–12, 18–28 (alleging breach of contract and breach of express warranty without citing any relevant contract provision) *with* ECF No. 8 at 10–15 (discussing and citing the relevant contract provisions that ground the breach of contract claim and the breach of express warranty claim). Admittedly, Plaintiff does include in its Complaint a fuzzy screenshot of the Certificate of Insurance, ECF No. 1, ¶ 22, but that Certificate only goes to a tangential issue, namely whether Defendant had insurance to cover the costs of the damage. It does nothing to show where or how Defendant breached the terms of the contract.

The provisions that Plaintiff alleges were breached belong in the Complaint, not in Plaintiff's opposition papers. Accordingly, Plaintiff's breach of contract claim and breach of

express warranty claim are dismissed without prejudice, so that Plaintiff may amend the Complaint to include sufficient facts to make its allegations plausible.

  *D.  Defendant's Motion For A More Definite Statement Is Denied.*

  In the alternative, Defendant moves for a more definite statement under Rule 12(e).  Such motions "are generally disfavored and are used to provide remedies for unintelligible pleadings rather than as a correction for lack of detail." *CoorsTek Korea Ltd. v. Loomis Prod. Co.*, 586 F. Supp. 3d 331, 338 (E.D. Pa. 2022) (citation modified).  Plaintiff's sole remaining claim at this juncture is the breach of implied warranty claim, and Defendant's argument for dismissing that claim concerns more its lack of detail instead than its unintelligibility *simpliciter*.  The Court denies Defendant's alternative motion for a more definite statement because it is not a proper remedy at this juncture.

## IV. Conclusion

  For the reasons stated above, the Court grants Defendant's motion to dismiss with prejudice regarding Plaintiff's negligence claim, grants Defendant's motion to dismiss without prejudice regarding Plaintiff's breach of contract and express warranty claims, and denies Defendant's motion to dismiss Plaintiff's breach of implied warranty claim.